**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NATHANIEL K. WATTY, | DOCKET NUMBER |
| Appellant, | NY-0752-15-0177-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: October 14, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nathaniel K. Watty, Saint Albans, New York, pro se.

Kathleen J. Tulloch, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his claims of a constructive suspension and involuntary retirement for lack of jurisdiction, and denied his requests for corrective action under the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Uniformed Services Employment and Reemployment Rights Act of 1994 and the Veterans Employment Opportunities Act of 1998. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 The initial decision was issued on March 17, 2016. Initial Appeal File (IAF), Tab 55. The administrative judge informed the appellant that the initial decision would become the Board's final decision unless a petition for review was filed by April 21, 2016. *Id.* at 17. Because the appellant was an e-filer, the decision was served on him electronically at the email address provided by him. IAF, Tab 56.

¶3 The appellant filed his petition for review on May 14, 2016, 23 days after the filing deadline. Petition for Review (PFR) File, Tab 1. The appellant stated that he did not learn that an initial decision had been issued until May 9, 2016, when he said he received a voice mail message regarding a different Board appeal telling him he had missed a telephonic conference. *Id.* at 4. He asserted that he had failed to receive numerous notifications of pleadings and orders issued in several cases that he had before the Board, and stated his belief that his nonreceipt was a direct result of numerous attacks on his email account made by hackers all over the world. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 A petition for review generally must be filed within 35 days after the date the initial decision is issued or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.113(d), 1201.114(f). The

party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Sanders v. Department of the Treasury*, 88 M.S.P.R. 370, ¶ 5 (2001). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5      Registration as an e-filer constitutes consent to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board. 5 C.F.R. § 1201.14(e)(1). All notices, orders, decisions, and other documents issued by the Board are available to parties and their representatives for viewing and downloading at the Repository at e-Appeal Online. 5 C.F.R. § 1201.14(i). When Board documents are issued, email messages are sent to e-filers that notify them of the issuance and that contain links to the repository where the documents can be viewed and downloaded; paper copies of these documents are not ordinarily served on e-filers. 5 C.F.R. § 1201.14(j)(1). E-filers are responsible for ensuring that email from @mspb.gov is not blocked by filters, and for monitoring case activity at the Repository at e-Appeal Online to ensure that they have received all case-related documents. 5 C.F.R. § 1201.14(j)(2)-(3). Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2).

¶6      The appellant's claim that he did not become aware until May 9, 2016, of the issuance of the initial decision is belied by the Board's electronic log of

activity at e-Appeal Online, which shows that the appellant accessed the e-Appeal Online system for this appeal on April 27, 2016, which includes the Repository containing the initial decision. That date is significant, in that it was on April 27 that the administrative judge in the appellant's other proceeding issued a show-cause order stating that the appellant was made aware of the administrative judge's April 14 acknowledgment order during a telephone call on April 25. MSPB Docket No. NY-4324-14-0152-B-1, IAF, Tab 3. In his response to this order, which was dated May 3 and filed on May 5, the appellant explained that the reason for his failure to appear was that he had not received the Board's e-Appeal Online notifications. *Id.*, Tab 4. Based on our review of this evidence, we find that the appellant received the initial decision no later than April 27, 2016.

¶7 Absent evidence that rebuts the appellant's assertion that he did not become aware of the initial decision until May 9, he has not shown that he exercised due diligence or ordinary prudence under the particular circumstances of this case. As noted above, the Board's regulations provide that an e-filer is responsible for monitoring the status of his case at the e-Appeal Repository. That a decision might have been forthcoming in March 2016 should not have been a surprise to the appellant. After the appellant waived his right to a hearing, the administrative judge issued an order on January 24, 2016, stating that the appellant must submit evidence and argument to be received no later than February 9, 2016, that the agency's response must be submitted no later than February 19, 2016, and that the record would close on that date. IAF, Tab 49. The appellant submitted documents to the record on January 27, and the agency submitted evidence and argument, including affidavits, on February 19. IAF, Tabs 52-53. Under these circumstances, the appellant could have expected an initial decision to be issued

at any time after February 19.[2]  To have waited until late April or early May to monitor case activity at the e-Appeal Online Repository did not show ordinary prudence or due diligence under the circumstances.

¶8     For the above reasons, we conclude that the appellant did not establish that he exercised due diligence or ordinary prudence under the particular circumstances of this case, and therefore did not establish good cause for the untimely filing of his petition for review.

¶9     Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the appellant's claims of a constructive suspension, an involuntary retirement, and alleged violations of the Uniformed Services and Reemployment Act of 1994 and the Veterans Employment Opportunities Act of 1998.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

---

[2] Although the appellant exercised his right under 5 C.F.R. § 1201.59(c)(2) to rebut the affidavits in the agency's February 19 pleading, he waited until March 8 to do so,

Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

---

thereby taking the risk that an initial decision would be issued before the administrative judge received his rebuttal pleading. IAF, Tab 54.